**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATTHEW GREGRO, | : |
| Petitioner | : |
| | : CIVIL NO. 3:CV-10-0004 |
| v. | : |
| | : (Judge Caputo) |
| WILLIAM SCISM, | : |
| Respondent | : |

**M E M O R A N D U M**

## I.  Introduction

Petitioner Matthew Gregro filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 4, 2010, seeking an order compelling respondent to reconsider his request for placement in a residential re-entry center (RCC)[1] for the last twelve months of his sentence in accordance with the Second Chance Act of 2007.  (Doc. 1, Pet.)  He also claims the Bureau of Prisons (BOP) improperly denied his request because he suffers from a traumatic brain injury. (Doc. 2, Mem. in Support of Habeas Pet.)   He believes a private medical facility would be better suited than the BOP to deal with his medical condition.  (*Id.*)

For the reasons that follow, the Petition will be dismissed due to Mr. Gregro's failure to exhaust available administrative remedies prior to bringing this action.

---

[1] Prior to March 31, 2006, RRC's were referred to as Community Corrections Centers (CCCs).  They are commonly known as halfway houses.

## II. Relevant Background

Mr. Gregro filed his habeas petition on January 4, 2010. (Doc. 1, Pet.) He filed a supplement to his petition on January 8, 2010, attaching various medical records documenting his disability. (Doc. 6, Am. Pet.) On February 2, 2010, Respondent filed a Response to the Petition. (Doc. 10, Response to Habeas Pet.). Matthew Gregro filed a Traverse and Motion to Expedite on February 17, 2010. (Docs. 11 and 12).

### i. Exhaustion

In his Petition Mr. Gregro contends that exhaustion of the Bureau of Prison's (BOP) administrative remedy process is not required because he has demonstrated that exhaustion is futile. (Doc. 2 at p. 5).[2] Nonetheless, on July 3, 2009, he filed an Inmate Request to Staff Member requesting assistance in being placed in a half way house for 6 months followed by 6 months of house arrest. (*Id*. at p. 11). He was advised that his unit team had reviewed his situation in accordance with the Second Chance Act criteria and it was decided that 90-120 days RRC placement would be appropriate. (*Id*.) On July 6, 2009, he reformatted his request and filed an Informal Resolution Form. (*Id*. at p. 12). Again, Mr. Gregro was advised that he was reviewed in June 2009 and that his unit team recommended a 90-120 day RRC placement for him. (*Id*.) On July 9, 2009, he filed Administrative Remedy No.

---

[2] Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

548046-F1 requesting a 6 month placement in a RRC followed by 6 months house arrest. (*Id*. at p. 13). The BOP contends that this request was not received until July 21, 2009. (Doc. 10-3, Albert Decl. at p. 70 at ¶ 5; *Id*. at p. 74). His request was denied on July 31, 2009. (Doc. 2 at p. 14). Matthew Gregro then filed an appeal of the denial to the Regional Office. (*Id*. at p. 15 and Doc. 10-3 at p. 74). On August 13, 2009, his appeal was rejected due to his failure to attach the "correct copies." (Doc. 10-3, Albert Decl. p. 70 at ¶ 6; *Id*. at p. 74). On August 26, 2009, Mr. Gregro refiled his Regional Office level appeal. (*Id*., Albert Decl. p. 70 at ¶ 7; *Id*. at p. 74). His appeal was denied on September 24, 2009. (Doc. 2 at p. 16). On October 14, 2009, he filed an appeal at the Central Office level which was rejected due to his failure to sign his appeal. (Doc. 2 at p. 18). On December 29, 2009, he refiled his appeal at the Central Office level. Central Office had until February 7, 2010, to file a response to Mr. Gregro's appeal. (Doc. 10-3 at p. 77).

    **ii.    RRC Placement**

On March 30, 2009, Matthew Gregro was sentenced in the United States District Court for the Eastern District of Pennsylvania to a term of eighteen months imprisonment for possession and sale of stolen firearms; possession and transfer of a machine-gun and aiding and abetting, and possession of an unregistered machine-gun and silencers. (Doc. 10-3, Hause Decl. at p. 3 ¶ 2.) His projected release date, provided he receives all good conduct credits, is September 10, 2010. (*Id*. at ¶ 3.) Recommendations for RRC placements are ordinarily reviewed with the

-3-

inmate and the Unit Team 17 - 19 months before each inmate's probable release date. (*Id*. at ¶ 4.) Mr. Gregro arrived at the Low Security Correctional Institution at Allenwood (LSCI-Allenwood) on June 1, 2009. (*Id*. at ¶ 3.) On June 16, 2009, Mr. Gregro's Unit Team convened and considered him for up to twelve months of RRC placement pursuant to the Second Chance Act. (Doc. 2 at p. 14). The Unit Team considered a variety of factors including the resources of the facility contemplated, the sentencing court's recommendations, Mr. Gregro's personal characteristics and history as well as his offense characteristics. (*Id*.) In light of these considerations, the Unit Team made their decision to recommend 90-120 days of RRC placement. (*Id*.) On July 24, 2009, the Warden at LSCI-Allenwood approved his RRC placement for 90-120 days. (Doc. 10-3 at p. 63.) At the time of Respondent's Response, Matthew Gregro had a RRC placement date of May 24, 2010, at the Luzerne Community Corrections Center in Philadelphia, Pennsylvania. (Doc. 10-3, Hause Decl. at p. 5 ¶ 10).

As of the date of this Memorandum, the BOP Inmate Locator reveals that Mr. Gregro is no longer in custody but currently housed at a community correctional facility in Philadelphia, Pennsylvania. *See* http://www.bop.gov/inmate_locator/index.jsp.[3]

---

[3] For the convenience of the reader of this Memorandum/Opinion in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. The Court accepts no responsibility for, and does not endorse, any product, organization, or content any hyperlinked site, or at any site to which that site might be linked. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of this Court.

## III. Discussion

The habeas statute upon which Matthew Gregro relies to challenge the timing of his pre-release placement, 28 U.S.C. § 2241, unlike other federal habeas statutes, "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). The United States Court of Appeals for the Third Circuit has concluded that section 2241 is the appropriate means for challenging a decision to exclude an inmate from release to a RRC. *See Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 251 (3d Cir. 2005).

Respondent maintains that the petition should be dismissed due to Mr. Gregro's failure to exhaust administrative remedies. The Court agrees. It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241." *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996); *Bradshaw v. Carlson*, 682 F.2d 1050, 1052 (3d Cir. 1981)(*per curiam*). Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." *Moscato*, 98 F.3d at 761-62.

The record before the Court reveals, Matthew Gregro was awaiting an answer to his administrative appeal from the Office of General Counsel, who had

forty days to respond, when he filed his habeas corpus petition. *See* 28 C.F.R. § 542.18, *Response Time*. Only if an inmate does not receive a response within the time frame allotted for reply may the inmate consider the absence of a response to be a denial at that level. (*Id.*) Consequently, the petition for writ of habeas corpus will be dismissed without prejudice due to Mr. Gregro's failure to exhaust his administrative remedies. Accordingly, based on the Court's resolution of the habeas petition, Mr. Gregro's Motion to Expedite (doc. 12), will be denied.

Alternatively, the Court holds that Matthew Gregro's petition is now moot. *See Laor v. Fed. Bureau of Prisons*, 340 Fed. App'x. 771 (3d Cir. 2009). His release to a halfway house rendered his petition moot as it challenged the BOP's pre-release custody policies and was seeking release to such a program.

The Court will issue an appropriate order.

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

**Date: July 16, 2010**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW GREGRO, : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-10-0004 |
| v. : | |
| : | (Judge Caputo) |
| WILLIAM SCISM, : | |
| : | |
| Respondent : | |

# O R D E R

**AND NOW**, this **16 th** day of **July, 2010**, upon consideration of Matthew Gregro's petition under 28 U.S.C. § 2241, it is ordered that:

1. The Petition (doc. 1) is dismissed for failure to exhaust administrative remedies.

2. Alternatively, the Petition (doc. 1) is dismissed as moot as Mr. Gregro is no longer in custody.

3. Mr. Gregro's Motion to Expedite (doc. 12) is denied.

4. The Clerk of Court is directed to close this case.

/s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**